IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KYLE WILLIAMS | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:22-CV-736-P |
| | § |
| SUSAN SHEFFIELD d/b/a AMERICREDIT FINANCIAL SERVICES, INC. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
REGARDING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

Pending before the Court are two motions: (1) Defendant Susan Sheffield d/b/a Americredit Financial Services, Inc. ("Sheffield")'s Motion to Dismiss [doc. 19], filed November 22, 2022 and (2) *pro se* Plaintiff Kyle Williams' Motion for Leave to File Amended Complaint [doc. 23], filed December 7, 2022.

On August 23, 2022, Plaintiff filed his original complaint, naming General Motors Financial Company ("General Motors") as a Defendant. Thereafter, on October 17, 2022, General Motors filed a Motion to Dismiss. After Plaintiff filed an Amended Complaint on November 11, 2022 naming Sheffield as the sole Defendant, the Court found General Motors' Motion to Dismiss moot. Williams filed a Second Amended Complaint on November 21, 2022, which was unfiled by the Court as, pursuant to Federal Rule of Civil Procedure 15(a)(2), leave to amend or the opposing party's written consent was required for Plaintiff to be able to file another amended complaint.

Based on the November 11, 2022 Amended Complaint, which is the live pleading before the Court, Defendant Sheffield, on November 22, 2022, filed her pending Motion to Dismiss. In this motion, Sheffield claims that the case should be dismissed because the Court lacks subject matter jurisdiction over the case and because Plaintiff's Amended Complaint "is frivolous and has

failed to state a claim upon which relief can be granted." (Sheffield's Motion to Dismiss ("Sheffield's Mot.") at 2. Plaintiff, on November 22, 2022 filed an Objection to Sheffield's Motion to Dismiss. Thereafter, on December 7, 2022, Plaintiff filed his pending Motion for Leave to File Amended Complaint.[1]

Based on Plaintiff's Brief in Support of Motion for Leave to File Amended Complaint, the Court finds that the Court does have subject-matter jurisdiction to hear the suit as Plaintiff appears to be attempting to bring claims, *inter alia*, under the federal Truth-in-Lending Act. However, the Court agrees with Sheffield that, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff has failed to state a claim in either his Amended Complaint or his proposed Second Amended Complaint.[2]

After reviewing Plaintiff's Amended Complaint (as well as his proposed, but unfiled, Second Amended Complaint), the Court finds and concludes that it does not articulate a coherent claim for which the Court could offer redress. The dispute between Plaintiff and Defendant arises out of Plaintiff's purchase of a motor vehicle from Sutton Ford, a car dealership in Illinois, and Plaintiff appears to assert claims for breach of contract/fraud and failure to make certain disclosures under the Truth-in-Lending Act. (Pl.'s Amended Complaint ("Pl.'s Am. Compl.") at 1-4, Ex. A; Plaintiff's Unfiled Second Amended Complaint ("Pl.'s Unfiled Sec. Am. Compl.") at Ex. A; and Plaintiff's Brief in Support of Motion for Leave to File An Amended Complaint at 1

---

[1] While Plaintiff did not attach a copy of the proposed Second Amended Complaint to his Motion for Leave to File Amended Complaint for leave, as required by Local Civil Rule 15.1, the Court assumes that Plaintiff is seeking leave to refile his Second Amended Complaint, which was unfiled and stricken by the Court.

[2] A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief about the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 550).

[doc. 23-2].) As to any alleged claim for breach of contract/fraud against Sheffield, the Retail Installment Contract—Motor Vehicle—Simple Interest ("Contract"), attached to Plaintiff's Amended Complaint shows that it was between Plaintiff, as buyer, and Sutton Ford, as seller, and was signed by Plaintiff and an agent of Sutton Ford. (Plaintiff's Amended Complaint ("Pl.'s Am. Comp.") at Ex. A.) According to the terms of the Contract, Plaintiff was financing the purchase of the car and agreed to pay to Americredit Finances Services Inc. monthly payments for a set period of time. (*Id.*)

Plaintiff argues that because Sheffield is the "Chief Financial officer of Americredit Financial Services, Inc. (AFS) and General Motors Financial Company, Inc. ("GM Financial")," the contract is unenforceable without Sheffield's signature and because Sheffield "has not proven that she has given anything of value to [Plaintiff]." (Pl.'s Am. Compl. at 2.) Plaintiff's claims, however, fail to state a claim upon which relief can be granted, because Sheffield, as the Chief Financial Officer of a corporation that extended financing to Plaintiff, is not required to provide her own individual consideration to Plaintiff. Moreover, Plaintiff has not alleged any facts showing Sheffield performed or failed to perform any act giving rise to valid claim of breach of contract/fraud against her. *See, e.g., Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995) (holding a corporation can only act through its officers or agents, and the actions of a corporate agent on behalf of the corporation are deemed the corporation's acts.)

As to his claims for violations of the Truth in Lending Act, Plaintiff argues that Sheffield did not disclose certain required information and violated 15 U.S.C. § 1605 of such Act by telling Plaintiff that he was required to pay a down payment to finance his car and that he was "required to purchase a premium on [his] car before he could leave off the lot." (Pl.'s Unfiled Sec. Am. Compl. at 11-12; *see* Plaintiff's Motion for Leave to File Amended Complaint at 2.) Section 1605

of the Truth in Lending Act sets forth how a finance charge is determined. The Contract explicitly sets forth a "Federal Truth-in-Lending Disclosure Statement" that shows the Annual Percentage Rate, the Finance Charge, the Amount Financed, the Total of Payments, and the Total Sales Price, including Plaintiff's down payment. (Pl.'s Am. Compl. at Ex. A.) Plaintiff's allegations, without more, do not state a claim upon which relief can be granted.

Because Plaintiff is proceeding *pro se*, his pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). However, the Court finds and concludes that no amount of liberal construction of Williams' Amended Complaint (or proposed Second Amended Complaint) could result in a legally cognizable claim. Moreover, Plaintiff has had more than one opportunity to file a complaint that is not frivolous and states a claim upon which relief can be granted. Consequently, based on the Amended Complaint, which is the live pleading before this Court, as well as a review of the proposed Second Amended Complaint, the Court **FINDS, CONCLUDES,** and **RECOMMENDS** the following: (1) Sheffield's Motion to Dismiss should be **GRANTED** as Plaintiff has failed to state a claim upon which relief can be granted and (2) Plaintiff's Motion to File an Amended Complaint should be **DENIED** as being futile.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **January 18, 2023** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 4, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE